GIVAN *v.* SWADLEY.

A declaration founded on a written instrument, though the instrument is without a date, should allege a day, month, and year, as the time of its execution; and if the allegation is omitted, the declaration is bad on special demurrer.

An agreement by *A.* to discharge the balance of a judgment due to *B.* upon *B.'s* delivering to him a wagon at a time specified, is a sufficient consideration to support a promise by *B.* so to deliver it.

*Wednesday,*
*November 24.*

ERROR to the *Tippecanoe* Court of Common Pleas.

BLACKFORD, J.—This was an action of assumpsit brought by *Givan* against *Swadley.* The declaration, so far as it is necessary to state it, is as follows:

The defendant heretofore, to-wit, at the county aforesaid, made his certain agreement in writing, which is not sealed or dated, but which was executed more than five years ago, by which he promised to make and deliver to the plaintiff, at the farm of *George Pauls*, in *Morgan* county, within three months thereafter, which time has elapsed, a well-finished two-horse wagon. In consideration of which the plaintiff agreed to discharge the balance due him on a judgment of 80 dollars and 36 cents, on the docket of *Obed Foote*, a justice of the peace of *Indianapolis;* which wagon, when delivered, was to be in full of said judgment, and would have been of the value of 100 dollars. On the delivery of the wagon, at the time and place aforesaid, the plaintiff would have been ready to receive it and discharge the judgment. The defendant failed to deliver the wagon at the time and place aforesaid, or at any other time or place, or pay its value, or pay said judgment. Damage 150 dollars.

This declaration was specially demurred to. The causes of demurrer assigned were — 1st. That no time was alleged as to when the instrument sued on was executed; 2d. That it appeared that there was no consideration for the promise.

The demurrer was sustained, and judgment rendered for the defendant.

It is evident that the first cause of demurrer is well

founded.   The averment that the defendant had executed the instrument sued on being material, a day, month, and year, as the time of its execution, should have been stated. There is no rule of pleading better settled than that, in personal actions, the declaration must state a time when every traversable fact happened.   1 Chitty on Plead. 257. It is true that the time when an instrument declared on was executed, is not generally material.   It was not in this case; but still a time should have been stated.   The circumstance that this instrument was not dated made no difference.   It should, though without date, have been alleged to have been executed on a certain day.   The want of this allegation is an objection only as to form, but as the objection is pointed out by the demurrer, it was rightly sustained.

The second cause of demurrer is unfounded.   The consideration of the promise declared on was the plaintiff's agreement to discharge the judgment on the defendant's delivery of the wagon according to his promise; and that was, surely, a sufficient consideration.

But as the first cause of demurrer is valid, the judgment for the defendant is right.

*Per Curiam.*—The judgment is affirmed, with costs.

*D. Mace* and *W. C. Wilson*, for the plaintiff.

*R. C. Gregory* and *R. Jones*, for the defendant.